# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

### KANSAS CITY, KS

ANGELIINA LAWSON, individually and as mother and next friend of minor D.L.,

Plaintiff,

v.

ANDREW BOLTON, individually and in his official capacity as Guardian ad Litem;

THE BOLTON LAW FIRM, LLC, as a public accommodation entity under Title III of the ADA;

DARRELL ROBINSON, individually and in his official capacity;

NEISHA MISER, individually and in her official capacity as supervisor of Darrell Robinson;

MALIQUE TAYLOR, individually and in his official capacity;

JENNIFER AGEE, individually and in her official capacity as supervisor of Malique Taylor;

DAN LIVINGSTON, individually and in his official capacity;

LIVINGSTON CENTER, LLC, as a public accommodation entity under Title III of the ADA;

DR. RODNEY MCNEAL, individually and in his official capacity;

BOARD OF COUNTY COMMISSIONERS OF ANDERSON COUNTY, KANSAS, by and through its Chairman LES MCGHEE,

Defendants.

2:25-cv-02251-JWB-ADM

Case No. _____

JURY TRIAL DEMANDED

**VERIFIED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, AMERICANS WITH DISABILITIES ACT, STATE LAW CLAIMS, AND REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF**

This action is brought to expose and remedy the calculated destruction of a parent-child relationship under the guise of lawful process. What was taken was not merely custody — it was liberty itself. The Defendants, acting individually and in concert, exploited their entrusted roles

to weaponize the courts against Plaintiff and her minor child D.L., inflicting irreparable constitutional, emotional, and familial injuries through a sustained campaign of procedural deceit, disability discrimination, and malicious fraud upon the judicial system. This case seeks not just damages, but the restoration of truth and accountability long denied by a legal system that abandoned its oath to justice.

## PRELIMINARY STATEMENT

1. This is a civil action for damages, declaratory, and injunctive relief arising under 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, Title II and III of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, and Kansas state law.
2. Plaintiff Angeliina Lawson brings this action individually and on behalf of her minor son, D.L., to remedy systemic constitutional violations, retaliation, parental alienation, custodial interference, ADA discrimination, coercive control, unauthorized practice of law, and fraud orchestrated and carried out by Defendants acting individually, jointly, and under color of state law.
3. Plaintiff seeks compensatory and punitive damages, declaratory relief, injunctive relief, and attorney's fees and costs.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights jurisdiction).
5. Venue is proper in the District of Kansas under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred within this district.

## PARTIES

Plaintiff brings all claims on behalf of minor D.L. pursuant to Federal Rule of Civil Procedure 17(c)(2) as his mother and Next Friend.

6. Plaintiff Angeliina Lawson is a resident of Leavenworth County, Kansas, and the mother of minor D.L.
7. Plaintiff D.L. is a minor child appearing through his mother and Next Friend.
8. Defendant Andrew Bolton is the court-appointed Guardian ad Litem in related state proceedings, sued individually and in his official capacity. Bolton also misrepresented his authority by acting as a personal attorney, drafting legal pleadings, and citing legal authority while denying he represented D.L individually, in violation of GAL ethical standards and ADA protections.
9. Defendant The Bolton Law Firm, LLC is a Kansas limited liability company operated by Andrew Bolton. It is a public accommodation under Title III of the ADA and is sued for discriminatory practices and unlawful actions harming Plaintiff and D.L.

10. Defendant Darrell Robinson is a therapist who provided court-ordered therapy to D. L., sued individually and in his official capacity.
11. Defendant Neisha Miser is the supervisor of Darrell Robinson, sued individually and in her official capacity.
12. Defendant Malique Taylor is a therapist involved with child's case, sued individually and in his official capacity.
13. Defendant Jennifer Agee is the supervisor of Malique Taylor, sued individually and in her official capacity.
14. Defendant Dan Livingston is a therapist at Livingston Center, LLC, sued individually and in his official capacity.
15. Defendant Livingston Center, LLC is a Kansas limited liability company acting as a public accommodation under Title III of the ADA and is sued for ADA discrimination.
16. Defendant Dr. Rodney McNeal is a medical professional who saw D.L., sued individually and in his official capacity.
17. Defendant Board of County Commissioners of Anderson County, Kansas, by and through its Chairman Les McGhee, is a government entity responsible for judicial oversight, sued in official capacity.

## FACTUAL ALLEGATIONS

17. Defendants engaged in a coordinated pattern of obstructing Plaintiff's parental rights, retaliating against her ADA-protected activities, inflicting psychological and emotional harm on D.L., and suppressing lawful accommodations.
18. Defendant [e.g. The Bolton Law Firm, LLC and Livingston Center, LLC] denied Plaintiff and her son the full and equal enjoyment of services offered by a place of public accommodation, in violation of 42 U.S.C. § 12182(a).
19. Andrew Bolton acted with bias, suppressed reports of abuse, misrepresented his role as GAL by improperly acting as legal counsel, drafted legal documents, cited Rule 170, used his law firm communications while disclaiming individual representation to child, and obstructed ADA accommodations, violating both Title II and Title III protections. He fabricated, distorted, and suppressed material facts to sabotage Plaintiff's custody rights.
20. The Bolton Law Firm, LLC, through Andrew Bolton's actions, engaged in discriminatory practices against individuals with disabilities, including retaliation and denial of effective access to advocacy and fair court proceedings.
21. Darrell Robinson and Neisha Miser refused to provide meaningful therapeutic services, denied Plaintiff access to therapy notes, obstructed ADA accommodations, and failed to document or address trauma disclosures.
22. Malique Taylor and Jennifer Agee similarly suppressed evidence of harm and failed to meet ADA requirements.
23. Dan Livingston and Livingston Center, LLC, failed to provide neutral, accessible services, cooperated with retaliatory efforts, and denied reasonable accommodations in therapy provision and used them against the Plaintiff to deny her parental rights.
24. Dr. Rodney McNeal participated in retaliation against Plaintiff's protected advocacy efforts.

25. The Board of Anderson County Commissioners, through Chair Les McGhee, is responsible for systemic policies that denied due process, discriminated against disabled individuals, and facilitated judicial misconduct leading to constitutional violations.
26. Defendant Anderson County, acting through its policymakers, maintained customs or failed to train and supervise employees and contractors—including GALs and ADA officers—that caused the constitutional violations described herein, as required under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).
27. Defendants caused irreparable harm to Plaintiff and her son, including educational regression, emotional trauma, and deprivation of constitutional liberties.

## CAUSES OF ACTION

**Count I – 42 U.S.C. § 1983** – *Violation of Procedural and Substantive Due Process*
Defendants, acting under color of law, deprived Plaintiff of liberty and parental rights without notice, hearing, or justification, in violation of the Fourteenth Amendment.

**Count II – 42 U.S.C. § 1983** – *Retaliation for Protected Activity (First & Fourteenth Amendments)*
Defendants retaliated against Plaintiff for exercising her constitutional rights, including seeking ADA accommodations, speaking out, and filing federal actions.

**Count III – 29 U.S.C. § 794** – *Violation of Section 504 of the Rehabilitation Act*
Defendants discriminated against Plaintiff on the basis of disability by denying access to accommodations and excluding her from meaningful court participation.

**Count IV – 42 U.S.C. § 1985(3)** – *Conspiracy to Interfere with Civil Rights*
Defendants conspired to deny Plaintiff equal protection and due process, based on coordinated conduct involving therapists, GAL, and other actors under color of law.

**Count V – 42 U.S.C. § 1986** – *Failure to Prevent Civil Rights Violations*
Defendants who were in a position to prevent the conspiracy and violations under § 1985 failed to act, though they had knowledge and legal duty.

**Count VI – Title II & Title III, Americans with Disabilities Act (42 U.S.C. § 12132, § 12182)**
Defendants denied Plaintiff and her minor child meaningful access to legal proceedings and services based on disability, in violation of the ADA.

**Count VII** – *Fraud, Misrepresentation, and Unauthorized Practice of Law* (Kansas Common Law)
Defendants knowingly made false representations in court filings, concealed material facts, and the GAL operated outside the scope of lawful practice.

**Count VIII** – *Intentional Infliction of Emotional Distress* (Kansas Law)
Defendants' conduct was extreme and outrageous, resulting in severe emotional trauma to Plaintiff and her minor child.

**Count IX** – *Breach of Fiduciary Duty* (Against GAL under Kansas Law)
The GAL failed to act in the best interest of the child and Plaintiff, engaged in biased conduct, and misused their role for improper purposes.

**Count X** – *Custodial Interference* (K.S.A. § 21-5409)
Defendants directly or indirectly interfered with Plaintiff's lawful custodial rights in violation of Kansas law.

**Count XI** – *Negligent Hiring and Supervision* (Against Employers)
Entities and supervisors responsible for the GAL and therapist failed to screen, train, or monitor employees who violated Plaintiff's and child's rights.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. **Enter judgment in favor of Plaintiff** on all counts set forth above, including violations of federal and state law;

B. **Declare** that Defendants' actions violated Plaintiff's constitutional rights under the First, Fifth, and Fourteenth Amendments, and statutory rights under 42 U.S.C. §§ 1983, 1985, 1986, the Americans with Disabilities Act (Titles II and III), and Section 504 of the Rehabilitation Act;

C. **Issue injunctive relief**:

- Restoring Plaintiff's full and lawful custody of her minor child;
- Enjoining Defendants from further custodial interference, discrimination, or retaliation;
- Mandating compliance with ADA Title II and III obligations in all future proceedings;

D. **Award compensatory and punitive damages** for economic loss, emotional distress, and the egregious deprivation of Plaintiff's liberty interests, in an amount to be determined at trial;

E. **Award attorneys' fees and costs** pursuant to 42 U.S.C. § 1988, § 12205 (ADA), and other applicable laws;

F. **Permit Plaintiff to amend** this Complaint to name additional defendants revealed through discovery, including but not limited to ADA coordinators, clerks, GAL supervisors, therapists, and private contractors acting under color of law;

G. **Grant such other and further relief** as the Court deems just, equitable, and consistent with the Constitution and laws of the United States.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,                                      Dated: May 2, 2025



Angeliina Lynn Lawson

Pro Se

## VERIFICATION

I, Angeliina Lawson, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on May 2, 2025



Angeliina Lawson
Pro Se

angeliinacourtrecords@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2025 I served a true and correct copy of the foregoing Motion to Proceed In Forma Pauperis by U.S. Mail and/or electronic mail to the following:

**All parties**

Respectfully submitted,                                      Date: May 2, 2025

Angeliina Lynn Lawson
angeliinacourtrecords@gmail.com

Angeliina Lynn Lawson

Plaintiff, Pro Se

1914 5th Ave

Leavenworth, KS 66048

(913) 972-1661

AngeliinaCourtRecords@gmail.com