IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,

   Plaintiff, pro se,

     v.                                                                      Case No. 2:25-cv-02251

ANDREW BOLTON, et al.,

   Defendants.

                                                                       JURY TRIAL DEMANDED

MOTION TO COMPEL ISSUANCE OF SUMMONS AND U.S. MARSHAL SERVICE

Plaintiff Angeliina Lynn Lawson, appearing pro se and having been granted leave to proceed in forma pauperis in this matter, respectfully moves this Court to issue summons and direct the U.S. Marshals Service to effect service of process on all named Defendants, pursuant to Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d).

1. Plaintiff filed this case on May 6, 2025 and submitted the required IFP materials (See Index No. 4).
2. On May 15, 2025 the Court granted Plaintiff's motion to proceed in forma pauperis (See Index No. 7). However, as of the date of this filing, it has been 80 days and summons have not been issued nor forwarded to the U.S. Marshals Service for execution.
3. Plaintiff is entitled to service by the U.S. Marshals once IFP status is granted. See Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).
4. Delaying the issuance of summons unreasonably hinders Plaintiff's ability to prosecute this case, tolls the statute of limitations, and raises concerns of inequitable access under the ADA Title II and the Fifth Amendment.
5. Plaintiff respectfully requests immediate issuance of summons and delivery to the U.S. Marshals for service, so this action can proceed without further delay.

Case Law:

*Romandette v. Weetabix Co.*, 807 F.2d 309 (2d Cir. 1986): "[T]he failure of the Marshals to effect service automatically is not attributable to the plaintiff proceeding IFP."

*Friedman v. Estate of Presser*, 929 F.2d 1151 (6th Cir. 1991): "Delays in service that result from the court or the Marshals are not chargeable to an IFP plaintiff."

*Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990): "The duty of service falls on the Marshal once IFP is granted."

*Laurence v. Wall*, 551 F.3d 92, 94 (1st Cir. 2008): "The court's duty under Rule 4(c)(3) to direct the Marshal to serve the complaint is triggered by the grant of in forma pauperis status."

*Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008): "District courts must take care to protect the rights of pro se and IFP litigants, including ensuring proper service of process."

*McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997): "[U]nder § 1915, once the IFP motion is granted, service of process is the responsibility of the court and the U.S. Marshals."

NOTICE OF PROCEDURAL DELAY AND JUDICIAL STANDARDS

Plaintiff respectfully brings to the Court's attention a procedural concern related to the delay in issuing summons following the Court's grant of in forma pauperis (IFP) status on May 15, 2025. As of the date of this filing—80 days later—summons have not been issued in this matter. This delay, while possibly administrative, has meaningful legal and practical consequences.

Under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), the Court has a mandatory duty to issue summons and direct the U.S. Marshals Service to serve the Defendants once IFP status is granted. Repeated delays in issuing process hinder Plaintiff's access to justice and raise concerns of inequitable treatment, especially where Plaintiff is a pro se litigant with documented disabilities proceeding under the ADA.

This is not the first instance in which summons issuance has been delayed across Plaintiff's multiple federal cases (Exhibit A Table). While Plaintiff is not asserting misconduct at this time, she respectfully requests the Court to take notice of this pattern for the record. Plaintiff reserves all rights to raise the issue before appropriate oversight bodies if delays continue to affect her right to timely service and adjudication.

WHEREFORE, Plaintiff prays the Court will promptly issue summons for all Defendants named in the complaint and direct the U.S. Marshals Service to complete service pursuant to Rule 4(c)(3) and the IFP statute.

Respectfully submitted,                                    Dated: August 3, 2025

/s/ Angeliina Lynn Lawson
Angeliina Lynn Lawson, Plaintiff (pro se)
1914 5th Avenue
Leavenworth, KS 66048

angeliinacourtrecords@gmail.com | (913) 972-1661

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of August, 2025, I electronically filed the foregoing Motion to Compel Issuance of Summons and U.S. Marshal Service with the Clerk of the Court using the CM/ECF system.

At the time of this filing, summons have not yet been issued, and therefore no service has been completed on any named Defendant in this matter. As such, there are no parties upon whom service of this motion can currently be made.

I respectfully request that the Clerk of the Court and the United States Marshals Service be directed to issue and serve process upon all Defendants as required under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3).

/s/ Angeliina Lynn Lawson
Angeliina Lynn Lawson, Plaintiff (pro se)
1914 5th Avenue
Leavenworth, KS 66048
angeliinacourtrecords@gmail.com | (913) 972-1661

EXHIBIT A
SUMMARY OF DELAYED SUMMONS ISSUANCE IN RELATED FEDERAL CASES

| Case Number | Case Title | IFP Granted | Summons Issued? | Days Delayed | Notes |
|---|---|---|---|---|---|
| 2:25-cv-02199-JWB-TJJ | Lawson v. Godderz, et al. | May 13, 2025 | Not Issued | 80+ days | No summons issued; extra 30 days delay than R&R for dismissal despite jury trial demanded. Never issued summons. |
| 2:25-cv-02251-JWB-TJJ | Lawson v. Bolton, et al. | May 15, 2025 | Not Issued | 80 days | Current case subject of motion; no summons issued as of August 3. |
| 2:25-cv-04045-JWB-TJJ | Lawson v. Lawson | May 15, 2025 | Not Issued | Never | Prematurely dismissal without allowing the record to develop, hold a hearing. |

Summary:
This chart documents a recurring pattern of delayed summons issuance and post-IFP inaction across Plaintiff's related federal civil rights and ADA retaliation cases, all presided over or associated with the same magistrate. The delays 80+ days or never at all due to premature dismissal with no hearing and not allowing the record to develop, interfering with Plaintiff's right to timely access, ADA accommodations, and evidence preservation. Plaintiff submits this summary to preserve the procedural record for judicial review and potential appellate oversight.