IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANGELIINA LAWSON,<br><br>                Plaintiff,<br><br>v.<br><br>ANDREW BOLTON, THE BOLTON LAW FIRM, LLC, DARRELL ROBINSON, NEISHA MISER, MALIQUE TAYLOR, JENNIFER AGREE, DAN LIVINGSTON, LIVINGSTON CENTER, LLC, DR. RODNEY MCNEAL, and BOARD OF COUNTY COMMISSIONERS OF ANDERSON COUNTY, KANSAS,<br><br>                Defendants. | Case No. 25-CV-2251-JWB-TJJ |

**<u>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL ISSUANCE OF SUMMONS</u>**

Plaintiff, proceeding *pro se*, has filed a Motion to Compel Issuance of Summons (ECF No. 13). Plaintiff requests the Court issue summons and direct the U.S. Marshals Service to effect service of process on all named Defendants pursuant to Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d). As the Court has not yet completed its pre-service review of Complaint, Plaintiff's motion is denied without prejudice.

On May 15, 2025, the Court entered an order granting Plaintiff *in forma pauperis* status but withholding service of summons and the Complaint.[1] The Court withheld service pending the Court's review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2) because it appeared this Court may lack subject matter jurisdiction as Plaintiff's allegations and causes of action arise from her

---

[1] *See* Order (ECF No. 7).

state-court child custody proceedings. The Court also noted that Plaintiff had recently filed three other cases in the District of Kansas, all of which relate to her state-court proceedings.

Plaintiff now requests the Complaint and summons be served prior to the Court's review pursuant to 28 U.S.C. §1915(e)(2). However, the Court is not required to order service of Plaintiff's Complaint prior to the Court's review pursuant to 28 U.S.C. § 1915(e)(2).[2] This review of Plaintiff's Complaint may occur at any time, and dismissals "are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering."[3] In fact, 28 U.S.C. § 1915(e)(2) requires the "court shall dismiss the case *at any time*"—including before service of the summons and complaint—if it determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.[4]

The Court has not completed its pre-service review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff's Complaint asserts eleven causes of action against ten Defendants, including the guardian ad litem and therapists appointed for her child in the state court proceedings in Anderson County, Kansas District Court (Case No. 2020-DM-000131). In addition to this case,

---

[2] *See Fuller v. Myers*, 123 F. App'x 365, 368 (10th Cir. 2005) (noting that the district courts may dismiss an action without service of process through the screening process of § 1915(e)).

[3] *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

[4] 28 U.S.C. § 1915(e)(2) (emphasis added); *See Buchheit v. Green*, No. 12-4038-CM-KGS, 2012 WL 1673917, at *1 (D. Kan. May 14, 2012), *aff'd*, 705 F.3d 1157 (10th Cir. 2012); *Sclicher v. Hendrick*, 982 F.2d 529 (10th Cir. 1992) (finding district court properly dismissed plaintiff's complaint before service of process) ("Although the statute provides a mechanism for the impoverished plaintiff to obtain ready access to the court, § 1915(d) also provides for prompt dismissal of abusive lawsuits").

Plaintiff has filed four other federal cases arising from her state court proceedings.[5] In Case 25-2199, the Court has already entered an 18-page Report and Recommendation on June 20, 2025 explaining in detail the reasons for recommending dismissal of that case in its entirety.[6] In Case 25-4045, the Court entered a Report and Recommendation on May 15, 2025, recommending the remand of Plaintiff's attempted removal of her state court family law case to Anderson County, Kansas District Court.[7] Until the Court completes its review of Plaintiff's Complaint in *this* case, the issuance of summons for service upon the named Defendants is premature.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Issuance of Summons (ECF No. 13) is denied without prejudice.

**IT IS SO ORDERED.**

Dated August 22, 2025, in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[5] *See Lawson v. Kansas Dep't of Children and Families*, 25-cv-2171-JWB-TJJ (D. Kan. Apr. 2, 2025); *Lawson v. Godderz, et al.*, 25-cv-2199-JWB-TJJ (D. Kan. Apr. 14, 2025); and *Lawson v. Lawson*, 25-cv-4045-DDC-TJJ (D. Kan. May 2, 2025). On August 15, 2025, Plaintiff filed another case, *Lawson v. Godderz et a*l, 25-cv-1179-JWB-TJJ (D. Kan.).

[6] *See* R&R (ECF No. 20) in Case 25-cv-2199-JWB-TJJ.

[7] *See* R&R (ECF No. 16) in Case 25-cv-4045-JWB-TJJ, R&R adopted by ECF No. 22.