IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA LAWSON,
Plaintiff,

v.
ANDREW BOLTON, et al.,
Defendants.

Case No. 25-CV-2251-JWB-TJJ

JURY TRIAL DEMANDED

MOTION FOR PROTECTIVE REASSIGNMENT UNDER 28 U.S.C. §§ 292(b), 294

DUE TO STRUCTURAL BIAS AND ADA RETALIATION; AND OBJECTION TO § 1915(e)(2) SCREENING ABUSE

I. INTRODUCTION

Plaintiff respectfully moves this Court for reassignment of this matter to a neutral visiting judge from outside the District of Kansas pursuant to 28 U.S.C. §§ 292(b), 294, and simultaneously objects to the ongoing withholding of summons under 28 U.S.C. § 1915(e)(2) as a form of systemic obstruction.

This case (2:25-cv-2251) is now the fifth consecutive matter presided over by Judge Broomes and Magistrate Judge James in which Plaintiff was granted in forma pauperis status, yet summons were withheld and no case was allowed to proceed to discovery or jury trial. This recurring pattern of pre-service dismissal following ADA accommodation requests demonstrates structural bias and retaliatory use of screening procedures.

II. GROUNDS FOR RELIEF

A. Structural Bias within This Court

- In five separate cases before Judge Broomes and Magistrate Judge James — *Lawson v. DCF* (2:25-cv-2171), *Lawson v. Lawson* (5:25-cv-4045), *Lawson v. Godderz* (2:25-cv-2199), *Lawson v. Godderz* (6:25-cv-1179), and now *Lawson v. Bolton* (2:25-cv-2251) — Plaintiff was granted IFP status, but summons were withheld for months and the cases were cut off before merits review.

- This is not an isolated occurrence but a recurring pattern in this courtroom. In each instance, Plaintiff's ADA claims and whistleblower reports triggered dismissal before service or discovery, depriving her of access to a judicial forum.
- Under Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009), due process is violated where systemic bias or probability of bias creates a structural barrier to impartial adjudication.

B. Screening Abuse under § 1915(e)(2)

- While § 1915(e)(2) permits screening of frivolous claims, it is being used here as an indefinite barrier to service. In all five cases, summons were withheld for 60–90 days or longer, or stayed the case ensuring Plaintiff never reached discovery.
- Plaintiff's claims allege complex fraud, ADA retaliation, and civil RICO conspiracy. These allegations depend on subpoenaed records and evidence in Defendants' exclusive possession.
- In Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 846 (9th Cir. 2001), the court held dismissal improper where claims required discovery because the evidence was exclusively controlled by defendants.
- Here, withholding service prevents Plaintiff from obtaining the very records needed to prove her claims — a misuse of screening power.

C. ADA Retaliation

- In each of the five cases, dismissal or suppression followed immediately after Plaintiff filed ADA accommodation requests and in 2:25-cv-02171 ADA accommodations for CART were denied. This constitutes retaliation under 42 U.S.C. § 12203 and violates the Supreme Court's mandate in Tennessee v. Lane, 541 U.S. 509 (2004) that Title II applies to courts.
- The indefinite stay of summons in this case — now exceeding 90 days — is itself a retaliatory act, denying Plaintiff equal access to process afforded nondisabled litigants.

In addition, Plaintiff expressly preserves all Article III objections. The Supreme Court recently held in *Gutierrez v. Saenz*, 606 U.S. __ (2025), that procedural sleight-of-hand is unconstitutional where a right is extended with one hand and withdrawn with the other. Granting in forma pauperis status while withholding summons for more than 90 days is the same unconstitutional maneuver. Across sixteen proceedings, Plaintiff has been denied any judicial forum or jury trial, proving that this is not an isolated misapplication but a systemic denial of access to courts. Under 28 U.S.C. §§ 292(b), 294, only reassignment to a neutral, out-of-district judge with RICO experience can restore confidence in the process.

III. CONCLUSION

For these reasons, Plaintiff respectfully requests that this Court, order protective reassignment of this case to a neutral visiting judge from outside Kansas under 28 U.S.C. §§ 292(b), 294; and direct immediate issuance of summons under Fed. R. Civ. P. 4(c)(3), or alternatively certify the issue for interlocutory appeal under § 1292(b).

## IV. RELIEF REQUESTED

1. Protective Reassignment: An order requesting the Chief Judge of the Tenth Circuit to designate a visiting judge from outside the District of Kansas pursuant to §§ 292(b), 294.
2. Objection to Screening Abuse: A ruling that § 1915(e)(2) screening may not be used to indefinitely withhold summons and discovery where the claims allege complex fraud, ADA retaliation, and RICO conspiracy—facts exclusively in Defendants' control. Plaintiff requests either:
    - o (a) immediate issuance of summons under Fed. R. Civ. P. 4(c)(3); or
    - o (b) certification of this issue for interlocutory appeal to the Tenth Circuit under 28 U.S.C. § 1292(b).

Respectfully submitted,

Dated: August 22, 2025

/s/ Angeliina Lawson
Plaintiff, Pro Se
1914 5th Avenue
Leavenworth, KS 66048
(913) 972-1661
AngeliinaCourtRecords@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Protective Reassignment and Objection to § 1915(e)(2) Screening Abuse will be served upon all Defendants by the United States Marshals Service contemporaneously with issuance of summons pursuant to Fed. R. Civ. P. 4(c)(3). Until summons are issued, no service can be effected.

Dated: August 22, 2025

/s/ Angeliina Lawson
Plaintiff, Pro Se