IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS – KANSAS CITY DIVISION

ANGELIINA LYNN LAWSON,
Plaintiff, pro se,
on behalf of herself and minor child D.L.,
v.
ANDREW BOLTON, et al.,
Defendants.

Case No. 2:25-cv-02251-JWB-TJJ
JURY TRIAL DEMANDED

## EMERGENCY NOTICE OF IRREPARABLE HARM, RETALIATORY OBSTRUCTION, AND JUDICIAL PARALYSIS

Plaintiff Angeliina Lynn Lawson, appearing pro se and as Next Friend to minor child D.L., submits this Emergency Notice to preserve the record, document escalating harm, and request immediate intervention due to ongoing judicial inaction and systemic obstruction. This notice incorporates legal maxims and foundational due process principles to support relief under the ADA Title II, 42 U.S.C. §§ 1983 and 1985, and Rule 4(c)(3) of the Federal Rules of Civil Procedure.

### I. IRREPARABLE HARM TO A DISABLED MINOR AND LITIGANT

1. Minor D.L., a named subject of this action, is being denied access to medically prescribed psychiatric treatment at school.
2. This denial follows the father's documented threats to kill himself if the child resumed his anxiety medication.
3. Plaintiff has been fully excluded from all medical decision-making, in violation of federal law and despite no lawful order of termination of her parental rights.
4. This interference has led to a deterioration of D.L.'s emotional and academic well-being, with school records, nurse communications, and DCF case notes confirming ongoing neglect.

### II. JUDICIAL PARALYSIS IN THE FEDERAL FORUM

5. This case was filed on May 6, 2025 and IFP status granted on May 15, 2025.
6. Despite the mandates of Rule 4(c)(3) and 28 U.S.C. § 1915(d), no summons has issued in over <u>130 days.</u>
7. Plaintiff's Motion to Compel Summons (Dkt. 13) was denied without prejudice on August 22, 2025, pending "screening" under § 1915(e)(2)—which remains incomplete.
8. Plaintiff's Motion for Protective Reassignment (Dkt. 15) invoking 28 U.S.C. §§ 292(b), 294 has been pending without ruling for over three weeks.

9. This silence now constitutes constructive denial of Article III access, further entrenching the very ADA retaliation and obstruction alleged in the Verified Complaint (Dkt. 1).

## III. RETALIATORY OBSTRUCTION AND SPOILAGE OF EVIDENCE

10. Court-appointed therapists; Darrell Robinson, Malique Taylor, Jennifer Agee, and Neisha Miser have refused to comply with subpoenas issued under K.S.A. 60-245.
11. No objections, acknowledgments, or privilege assertions were submitted. These failures, combined with therapy logs being deleted or withheld, constitute spoliation and retaliation in violation of Rule 37(e)(2).
12. Defendant Andrew Bolton, the named GAL, orally withdrew on May 8, 2025 (see Dkt. 9), but continues to interfere with law enforcement, impersonate a state actor, and obstruct ongoing criminal investigations.

## IV. APPLICATION OF LEGAL MAXIMS AND DUE PROCESS PRINCIPLES

13. The following well-established legal doctrines and judicial maxims apply:

    - Nemo debet esse judex in propria causa
      "No one should be judge in their own cause." (*Black's Law Dictionary*, 4th ed., p. 1190)

        o Magistrate James and Judge Broomes have presided over five of Plaintiff's ADA and RICO cases, all of which were stalled or dismissed before service.
    - Ubi jus ibi remedium
      "Where there is a right, there is a remedy." (*Id.*, at p. 1690)

        o The denial of summons and motion rulings functionally strips Plaintiff's federally protected rights of any meaning.
    - Actus curiae neminem gravabit
      "An act of the court shall prejudice no one." (*Id.*, at p. 38)

        o This Court's delay has materially prejudiced Plaintiff's ability to protect her child and preserve evidence.
    - Lex non cogit ad impossibilia
      "The law does not compel the impossible." (*Id.*, at p. 1031)

        o Plaintiff cannot prosecute her claims while being barred from service, discovery, or meaningful ADA accommodations.
    - Fraus et dolus nemini patrocinari debent
      "Fraud and deceit should benefit no one." (*Id.*, at p. 780)

        o Spoliation by state actors and suppression of subpoena compliance should not be rewarded with judicial inaction.

## V. DEMAND FOR IMMEDIATE RELIEF

14. The Court's continued silence—despite verified allegations of harm, granted IFP status, and pending emergency motions—now forms part of the systemic pattern of obstruction described in the Verified Complaint. To preserve the integrity of this proceeding, protect the constitutional rights of Plaintiff and her disabled minor child, and restore access to an impartial judicial forum, Plaintiff respectfully demands the following relief:

A. Immediate Ruling on Dkt. 15

A ruling on Plaintiff's *Motion for Protective Reassignment* under 28 U.S.C. §§ 292(b), 294, due to structural bias, repeated denial of process, and judicial entanglement with the pattern of ADA retaliation and civil RICO conduct alleged in the Complaint.

B. Immediate Issuance of Summons and U.S. Marshal Service

The Court must direct the Clerk to issue summons and the U.S. Marshals Service to serve all named Defendants in accordance with Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d). Plaintiff has no means to advance her claims without service, and further delay constitutes denial of due process.

C. Docketing of This Notice as Part of the Rule 37(e)(2) and ADA Retaliation Record

This Notice must be formally entered into the record in support of any forthcoming motion for sanctions under Rule 37(e)(2), and to preserve Plaintiff's rights under ADA Title II, including ongoing:

- Evidence spoliation,
- Subpoena evasion by state-affiliated mental health professionals,
- Retaliatory denial of medical access and reunification efforts.

D. Preservation of All Rights for Interlocutory Relief and Oversight

Plaintiff expressly preserves her rights to seek:

- Interlocutory appeal under 28 U.S.C. § 1292(b),
- Extraordinary writ relief from the Tenth Circuit,
- And to file a Judicial Misconduct Complaint under 28 U.S.C. § 351, naming the presiding officers if delays or refusals continue to obstruct access to a neutral federal forum.

E. Declaration That the 130+ Day Delay Will Not Prejudice Plaintiff Before the Defendants or Jury

Plaintiff respectfully requests a formal declaration that the extended delay in issuing summons, ruling on emergency motions, and enforcing subpoenas will not be used to prejudice Plaintiff or her claims before Defendants or a future jury. Specifically:

- That no claim shall be denied on grounds of timeliness or delay attributable to the Court;

- That no Defendant may benefit from spoliation, suppression, or obstructive conduct that occurred during the Court's 130+ day inaction;
- That Plaintiff's full factual, procedural, and statutory claims will be considered preserved in their original posture for purposes of discovery, jury trial, and appellate review.

This relief is consistent with the principle:

"Actus curiae neminem gravabit" — *An act of the court shall prejudice no one.*
(*Black's Law Dictionary*, 4th ed., p. 38)

Respectfully submitted,                                                                 Dated: September 12, 2025


/s/ Angeliina Lynn Lawson
Angeliina Lynn Lawson, Pro Se
(Address on Record)


## Certificate of Service


I certify that on September 12, 2025, I filed the foregoing with the Clerk of the Court via CM/ECF, which will notify all registered counsel of record.


/s/ Angeliina Lynn Lawson