IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS – KANSAS CITY DIVISION

ANGELIINA LYNN LAWSON,
Plaintiff, pro se,

on behalf of herself and minor child D.L.,

v.

ANDREW BOLTON, et al.,
Defendants.

Case No. 2:25-cv-02251-JWB-TJJ
JURY TRIAL DEMANDED

MOTION FOR JUDICIAL DISQUALIFICATION, AFFIDAVIT AND PROTECTIVE
REASSIGNMENT UNDER 28 U.S.C. §§ 455, 144, AND 292(b)

Plaintiff Angeliina Lynn Lawson, appearing pro se and on behalf of her disabled minor child D.L., respectfully moves this Court for the disqualification of both Magistrate Judge Teresa J. James and District Judge John W. Broomes under 28 U.S.C. §§ 455(a), 455(b)(1) and 144, and for protective reassignment to a neutral visiting judge from outside the District of Kansas pursuant to 28 U.S.C. § 292(b).

I. LEGAL STANDARD

A. 28 U.S.C. § 455(a) – Appearance of Partiality

Requires disqualification of any judge "in any proceeding in which his impartiality might reasonably be questioned."

B. 28 U.S.C. § 455(b)(1) – Actual Bias

Mandates disqualification where the judge "has a personal bias or prejudice concerning a party."

C. 28 U.S.C. § 144 – Affidavit of Bias

Allows a party to request reassignment upon filing a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice."

II. FACTUAL BASIS FOR DISQUALIFICATION

1. Magistrate Judge Teresa J. James has presided over five (5) of Plaintiff's federal cases (Nos. 2:25-cv-2171, -2199, -02251, -01179, and 5:25-cv-04045), all involving ADA retaliation, judicial misconduct, and access to justice.
2. In each case, despite granted IFP status, majority of summons were withheld for 60–130+ days, and no discovery or trial was ever allowed.
3. The same pattern of obstruction has repeated:
    - Withholding of summons despite Rule 4(c)(3)
    - Denial of ADA accommodations (e.g., CART transcription)
    - Dismissals or stalling before service
    - Refusal to rule on reassignment motions
4. District Judge Broomes has adopted or declined to address these rulings, despite documented conflicts and the recent Emergency Notice of Irreparable Harm filing.
5. Defendants in this case include court officers and judicial affiliates, such as former GAL Andrew Bolton and mental health providers who operate under court appointments.

## III. THE APPEARANCE OF BIAS IS UNAVOIDABLE

This case alleges:

- ADA retaliation and Title II violations
- Custodial interference by state agents
- Spoliation of evidence
- Civil RICO conspiracy involving court actors

The magistrate and district judge are factually entangled in the pattern Plaintiff alleges, having overseen and contributed to the procedural stall that has enabled further abuse, retaliation, and denial of access to federal rights.

As the maxim provides:
"Nemo debet esse judex in propria causa."
(*Black's Law Dictionary*, 4th ed., p. 1190)
*No one should be judge in their own cause.*

## IV. REQUEST FOR REASSIGNMENT UNDER 28 U.S.C. § 292(b)

This case should be certified to the Chief Judge of the Tenth Circuit for reassignment to a visiting Article III judge from outside the District of Kansas due to:

- Widespread appearance of institutional conflict
- Patterned pre-service dismissal and denial of access
- Verified ADA retaliation and structural misconduct claims against judicial officers

This aligns with the Supreme Court's holding in *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009), that due process is violated where "a judge's neutrality cannot be trusted."

## V. CONCLUSION

Plaintiff respectfully requests that:

1. Both Judge John W. Broomes and Magistrate Teresa J. James be disqualified from this matter;
2. This matter be referred to the Chief Judge of the Tenth Circuit for protective reassignment to an out-of-district judge under § 292(b);

Respectfully submitted,                                           Dated: September 12, 2025

/s/ Angeliina Lynn Lawson
Angeliina Lynn Lawson
1914 5th Avenue
Leavenworth, KS 66048
(913) 972-1661
AngeliinaCourtRecords@gmail.com


AFFIDAVIT OF BIAS AND PREJUDICE UNDER 28 U.S.C. § 144

I, Angeliina Lynn Lawson, declare under penalty of perjury:

1. That I am the Plaintiff in the above-captioned matter.
2. That I have personal knowledge of the facts stated herein.
3. That both Magistrate Judge Teresa J. James and District Judge John W. Broomes have presided over multiple ADA and civil rights cases filed by me since April 2025.
4. That in each of these cases, I was granted IFP status, yet summons were delayed or never issued, motions for ADA accommodations were denied, or cases were dismissed before discovery.
5. That in the present matter (2:25-cv-02251), the Court has failed to act on Dkt. 15 or issue summons for over **130 days,** allowing defendants to continue retaliating and destroying evidence.
6. That the appearance of bias is now unavoidable, and judicial inaction has functionally shielded the very enterprise conduct I seek to litigate.

I respectfully swear this affidavit in support of disqualification under 28 U.S.C. § 144 and submit it with my Motion for Disqualification.

Executed this 12th day of September, 2025.

/s/ Angeliina Lynn Lawson
Angeliina Lynn Lawson
Pro Se Plaintiff

Certificate of Service

I certify that on September 12, 2025, I filed the foregoing with the Clerk of the Court via CM/ECF, which will notify all registered counsel of record.


/s/ Angeliina Lynn Lawson