IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS - KANSAS CITY DIVISION

ANGELIINA LYNN LAWSON,
Individually and as Mother and Next Friend of D.L., a Minor
Plaintiff, pro se

v.

ANDREW BOLTON, et al.,
Defendants.

Case No. 2:25-cv-02251-JWB-TJJ

JURY TRIAL DEMANDED

EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

(Pursuant to Fed. R. Civ. P. 65(b), 42 U.S.C. § 1983, ADA Title II, and Rule 37)

NOW COMES Plaintiff, ANGELIINA LYNN LAWSON, pro se, and respectfully moves this Court for the issuance of an Emergency Temporary Restraining Order (TRO) to prevent further irreparable harm to Plaintiff and her minor child, D.L., who is the subject of ongoing medical interference, retaliation, and custodial obstruction by Defendants under color of law and state authority.

I. GROUNDS FOR RELIEF

1. Plaintiff filed this action on May 6, 2025, asserting claims under 42 U.S.C. § 1983, ADA Titles II and III, the Rehabilitation Act, and state tort law, including fraud, retaliation, and intentional infliction of emotional distress. [Dkt. 1]
2. The Verified Complaint alleges coordinated misconduct by Defendants including court-appointed former GAL Andrew Bolton, mental health professionals, and public entities who obstructed Plaintiff's ADA access, concealed medical records, omitted child abuse reports from 3 mandated reporters, ignored subpoenas, coached father on legal matters, committed perjury, submitted false documents, retaliated against protected advocacy, and caused emotional and developmental harm to D.L.
3. Despite IFP status granted in May, summons have not issued, discovery has not begun, and Defendants continue to retaliate with impunity, coaching father, interfering and manipulating child through alienation all under judicial silence.
4. D.L. is currently being denied prescribed disability medication, his mother is blocked from all communication and parental decision-making for no cause, and subpoenaed therapists have refused to comply with preservation requests or federal subpoenas. [See Dkts. 9, 12, 17]

5. Defendants have exploited the 130+ day delay in service to destroy evidence and deepen their interference. This delay is now enabling continued medical harm and federal rights violations.

## II. LEGAL STANDARD

Under Rule 65(b), a temporary restraining order may be issued without notice to the adverse party where "immediate and irreparable injury, loss, or damage will result before the adverse party can be heard." A TRO is appropriate here to protect:

- Constitutional rights under the First, Fifth, and Fourteenth Amendments;
- Federally protected ADA access and parental rights under 42 U.S.C. § 12132 and § 12203;
- Evidence preservation rights under Rule 37(e)(2);
- The health and safety of a disabled minor who remains without legal protection or contact with his mother.

## III. RELIEF REQUESTED

Plaintiff respectfully requests that the Court immediately:

1. Issue a Temporary Restraining Order prohibiting:
   - Any further obstruction or interference with D.L.'s medical care, school plan, or therapy access;
   - Any retaliation, intimidation, or suppression of ADA rights by Defendants named in the Verified Complaint;
   - The destruction, concealment, or alteration of evidence, including therapy notes, treatment plans, medication decisions, referrals, or communications responsive to subpoenas and Rule 37 preservation notices.
2. Order Immediate Restorative Relief, including that:
   - Plaintiff be reinstated as the parental contact for all school, medical, and therapy communications concerning D.L.;
   - D.L. be returned to The Guidance Center for crisis treatment and medication management, where he was originally treated under a mandated crisis plan before being forcefully removed against his will by Jonathan Lawson;
   - No Defendant or third party may alter, delete, or withhold documents responsive to subpoenas or prior preservation demands;
   - Andrew Bolton be prohibited from any contact with minor child D.L., or father Jonathan Lawson, or any current or former court-appointed providers or court officials in regards to Plaintiff and her child.
3. Set this matter for an emergency hearing on preliminary injunction and compel immediate production of the documents and records identified in Plaintiff's prior filings.

## IV. CONCLUSION

Plaintiff and her minor child are facing ongoing and irreparable harm. Every day without federal intervention deepens the medical, emotional, and constitutional injury to D.L., who remains unrepresented, silenced, and deprived of federally protected care. The pattern of spoliation, denial, and retaliation is not hypothetical it is active, documented, and worsening.

For these reasons, Plaintiff respectfully requests that this Court GRANT the Emergency Motion for TRO, issue immediate protective relief, and set this matter for urgent hearing.

## EXHIBITS

Exhibit 1 – Nurse's Email (Medication Withheld)

- Confirms David is not receiving prescribed medication at school.
- Shows immediate medical harm and why urgent intervention is required.

Exhibit 2 – DCF Note (Father Threatening Self-Harm if Child Takes Medication)

- Documents coercion and intimidation that directly endanger David.
- Demonstrates the father's interference with treatment.

Exhibit 3 – Emails Requesting Records (Darrell Robinson and Malique Taylor)

- Proof of non-compliance and obstruction by court-appointed therapists.
- Shows they are ignoring lawful demands and federal preservation requirements.

Exhibit 4 – Motion to Compel Subpoenas (Therapists & GAL)

- Demonstrates you used proper legal channels to seek compliance.
- Undermines any argument that you're trying to bypass procedure.

Exhibit 5 – Notice of GAL Withdrawal and Criminal Investigation (already on docket as Dkt. 9)

- Shows Andrew Bolton has no lawful authority but continues interfering.
- Reinforces your request to bar him from any contact with David or providers.

Respectfully submitted,  Dated: September 12, 2025

/s/ Angeliina Lynn Lawson
Angeliina Lynn Lawson
Pro Se Plaintiff
(Address in on Record)

CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2025, I filed the foregoing Emergency Motion for Temporary Restraining Order with the Clerk of the Court via CM/ECF and served all registered counsel of record accordingly.

/s/ Angeliina Lynn Lawson
Angeliina Lynn Lawson