
# Urgent Records Request – Family Therapy Starting October 2024 to Present

**Angeliina Lawson** PII  Thu, May 29, 2025 at 3:09 PM
To: Malique Taylor <​>
Cc: angeliinacourtrecords@gmail.com

Dear Mr. Taylor,

This letter serves as your final legal notice regarding your failure to acknowledge or comply with multiple lawful requests for therapeutic records for PII, related to your involvement as service providers in the matter of:

• Lawson v. Lawson, Anderson County Case No. 2020-DM-131

• Federal Case: Lawson v. Bolton et al., 2:25-cv-02251-JWB-TJJ (U.S. District Court, District of Kansas)

Under HIPAA (45 C.F.R. § 164.524) and Kansas law (K.S.A. 65-6410), you are required to provide requested records in a timely manner—generally within 3 business days—and to acknowledge all lawful patient or guardian communications. Despite multiple written requests and extended time provided in good faith, you have failed to confirm receipt or delivery of records.

These records are directly relevant to an active federal civil rights case and to ongoing criminal investigations into Jonathan Lawson, former GAL Andrew Bolton and former therapist Andrea Dunseth. Your continued noncompliance will be construed as willful obstruction and retaliation.

You are hereby given 48 hours from the date of this notice to:

1. Acknowledge receipt of this request;

2. Provide a production timeline or deliver all records in HIPAA-compliant format;

3. Confirm whether any records were shared with external parties, including former Andrew Bolton, without proper authorization.

Failure to comply will result in immediate escalation to: (1) the U.S. Department of Health and Human Services; (2) the Kansas Behavioral Sciences Regulatory Board; (3) the federal court subpoenas and motions to compel.

This letter is preserved for the record in all related legal proceedings.


Sincerely,

Angeliina Lawson

PII 's Mother
ADA Advocate

On Fri, May 23, 2025 at 3:00 PM Angeliina Lawson <PII> wrote:

Dear Mr. Taylor,

This is a **final demand** regarding the HIPAA- and state-authorized records request sent to your office May 21, 2025 concerning my son, PII, under:

- **Case No. 2020-DM-131 (Anderson County) removed to federal level 5:25-cv-4045**
- **Lawson v. Bolton et al., 2:25-cv-02251-JWB-ADM**

Under **45 C.F.R. § 164.524** and **K.S.A. 65-6410**, your office is required to **acknowledge a records request within 1 business day** and provide a compliance or denial response within **3 business days**. As of today, I have received **no acknowledgment, no explanation, and no records**.

You are reminded:

- I am the legal parent and have lawful authority to request these records;
- This matter is under **active federal litigation and criminal investigation**, and your failure to respond may be treated as **retaliation, spoliation of evidence, or HIPAA interference**;
- Your records and silence are subject to federal subpoena.

If I do not receive written acknowledgment and a compliance response by **Monday May 26,** I will escalate this matter through:

- A HIPAA complaint to the U.S. Department of Health and Human Services;
- A Motion to Compel Production in the U.S. District Court;
- A formal ethics complaint with your state licensing board.

Please treat this as time-sensitive and legal in nature. You may deliver the requested records securely via encrypted email or confirm alternative arrangements by phone at (913) 972-1661.

Sincerely,
Angeliina Lawson


On Wed, May 21, 2025 at 5:32 PM Angeliina Lawson <PII> wrote:
> **Court Appointed Therapist Records Request**

**Subject:** Urgent Records Request – Family Therapy Starting October 2024 to Present
**Malique Taylor,**
Trail Blazer Therapy
**Email:** PII

I, Angeliina Lawson, request all records held by you and your supervisor Jennifer Agee concerning my minor child PII ; Court Case No. 2020-DM-131 or AN20DM131 removed to federal case 5:25-cv-04045.

The Guardian ad Litem, Andrew Bolton, **orally withdrew from Case No. 2020-DM-131 during the May 8, 2025 hearing**, which was recorded via CART transcription and acknowledged by the presiding judge. From that date forward, he is **prohibited from contacting any current or former parties** involved in the family court case. Any such communication must be formally disclosed and documented. Mr. Bolton is currently one of the **named defendants** in the federal civil rights and ADA retaliation case **(Case No. 2:25-cv-02251-JWB-ADM)**, which also includes other court appointments among other respondents. Any attempt to involve Mr. Bolton, respond to his inquiries, or share privileged records with him will be considered potential **witness tampering, retaliation, and collusion**. All such records and communications are subject to **federal subpoena** and will be reviewed for potential evidentiary use.

**Requested Records:**
1. All therapy notes, session summaries, treatment plans, progress reports, and diagnostic assessments involving your court appointed services and my child, including any mental health diagnoses or interventions (excluding psychotherapy notes per 45 C.F.R. § 164.524(a)(1)(i)).
2. All psychological evaluations, behavioral assessments, or testing results (e.g., MMPI, CBCL) prepared for my child, including those shared with third parties (e.g., courts, DCF, GAL).
3. All records of therapy or evaluation sessions, including dates, times, duration, modality (e.g., in-person, telehealth), and reasons for cancellations.
4. All communications or reports provided to courts, DCF, or other agencies regarding custody, visitation, or child's mental health or welfare.
5. All mandated reports or disclosures made by my child during therapy, including reports to DCF or law enforcement.
6. All consents, authorizations, or court orders related to child's therapy or evaluations.

**Legal Authority:**
1. K.S.A. 65-6410: Grants parents access to their children's health and mental health records, absent a court order to the contrary.
2. HIPAA (45 C.F.R. § 164.524): Grants individuals and parents access to protected health information within 30 days.
3. U.S. Constitution (Amendment XIV): Protects parental rights (*Troxel v. Granville*, 530 U.S. 57, 2000).

**Custody Clarification:**
As a parent with legal rights under K.S.A. 65-6410, I am entitled to access my children's records. If you believe a parenting plan or dual consent is required, provide specific legal grounds with cited Kansas Statutes and any court order limiting my access.

**Deadlines:**
1. **Acknowledgment:** Confirm receipt within 1 business day, by May 22, 2025 by 5:00pm, via [AngeliinaCourtRecords@gmail.com](mailto:AngeliinaCourtRecords@gmail.com)

2. **Response:** State compliance or denial within 3 business days, by May 24, 2025 by 5:00pm, per 45 C.F.R. § 164.524. If denying any records, provide a written denial in plain language with: (1) the legal basis (e.g., § 164.524(a)(2)); (2) my review rights, if applicable (per § 164.524(a)(4)); and (3) complaint procedures, including contact details (per § 164.524(d)(2)).

If complying, provide records within 30 days by June 22, 2025 by 5:00pm by electronic or mailing to [PII]

Non-compliance may lead to a motion to compel (FRCP Rule 37), APA compliant, KS Board of Behavioral Sciences Complaint and/or a HIPAA complaint to the U.S. Department of Health and Human Services.

Deliver records electronically in a secure, HIPAA-compliant zip file, in the format requested (electronic, if readily producible, per 45 C.F.R. § 164.524(c)(2)). Redacted information must be noted per § 164.524 and accompanied by a redaction log.

Contact me for clarification.

**Respectfully,**

Angeliina Lawson
Pro Se

[PII]