UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,

Plaintiff, individually and as next friend of D.L., a minor,

v.

ANDREW BOLTON, et al.,

Defendants.

Case No. 2:25-cv-02251

Jury Trial Demanded

Fraud Upon the Court

PLAINTIFF'S MOTION FOR JUDICIAL FINDING OF FRAUD UPON THE COURT

UNDER RULE 60(d)(3)

*(With Certification for Rule 27 Federal Claims Preservation)*

COMES NOW Plaintiff Angeliina Lynn Lawson, pro se and protected under ADA Title II, and respectfully moves this Court for a judicial finding of *fraud upon the court* pursuant to Fed. R. Civ. P. 60(d)(3). This motion is supported by the previously filed *Notice of Fraud Upon the Court* (Dkt. 10), the additional detailed fraud-based certification filings in related case 2:25-cv-02171, and Plaintiff's Judicial Coordination Log & Enterprise Pattern Disclosure (Dkt. 24).

1

Plaintiff requests that this Court:

1. Formally find that fraud upon the court occurred;

2. Certify specific fraudulent and suppressed materials for Rule 27 federal preservation;

3. Vacate all tainted orders and docket actions after July 14, 2025 (Dkt. 10 filing date); and

4. Stay all proceedings pending evidentiary hearing.

I. FACTUAL BASIS FOR FRAUD UPON THE COURT

Plaintiff incorporates the factual allegations from:

- Dkt. 10 – Notice of Fraud Upon the Court (2:25-cv-02251)
- Rule 60(d)(3) Notice & Certification (Dkt. 28) in 2:25-cv-02171 (parallel evidence)
- Litigation Hold Email Chain dated April 7, 2025 (Exhibit A to Dkt. 10) pages 4–5
- Judicial Coordination Log documenting cross-docket suppression patterns (Dkt. 24).

Fraud elements already preserved include:

1. Sealing and concealment of Plaintiff's affidavit

Dkt. 10 at page 1 documents that Plaintiff's March 4, 2025 affidavit was secretly marked "confidential" by Clerk Tina Miller without order or legal basis that aided in the falsifying allegations by GAL to the judge and prevent truth from getting to the courts.

2. Fabrication of a hearing record

As documented on page 2 of Dkt. 10, Chief Judge Taylor Wine cited a fictitious hearing to deny ADA accommodations that was marked on the docket by Tina Miller and benefited the GALs agenda to defraud the courts.

3. Retaliatory parental-rights interference after ADA grievances

Dkt. 10 documents no-notice, no-hearing, and no-service rulings altering custody after Plaintiff filed ethics and ADA complaints that prevented the truth and correctness from getting to the courts.

4. Unauthorized judicial behavior by GAL Andrew Bolton

Bolton billed before his appointment; acted in judicial roles without oath or bond on file; falsified, forged or withheld DCF communications to slander and frame mother without any evidence or testimony that could be produced when requesting multiple times. Dkt. 10 pgs 1–2.

5. Suppression of ADA orders, transcript access, and filings

Dkt. 10 explicitly records clerks and court reporters refusing to provide transcripts, orders, and ADA responses.

6. Denial of Zoom/CART captioned access on May 8, 2025 hearing post-removal

Plaintiff was denied ADA access, never provided a specific CART zoom link for subtitles, forced into a hearing after removal, and was not provided a copy of those CART notes that were filed into the docket and GAL stated he received a copy but Plaintiff was denied as recorded on page 2.

7. Institutional Coordination and Containment After April 7 Litigation Hold

The full email chain involving over 20 Kansas Judicial Branch officials (Exhibit A, Dkt. 10, pp. 4–5) confirms coordinated tracking of Plaintiff's ADA requests following the April 7, 2025 litigation hold. Rather than ensuring equal access, judicial personnel engaged in metadata tagging, surveillance, and internal communications that imposed enterprise-level containment protocols. These protocols functioned to shield forged or fraudulent documents from correction, and enabled defamatory characterizations of Plaintiff to circulate internally without opportunity for rebuttal. This conduct directly impaired Plaintiff's ADA access and further entrenched a systemic smear campaign under color of law.

8. Continued obstruction despite Rule 37 litigation hold obligations

Pages 2–3 of Dkt. 10 show destruction of metadata, clerk correspondence, and scheduling logs after formal hold.

9. Coordinated AG interference

Dkt. 28 in 2:25-cv-02171 outlines DCF/AG tampering, forged GAL correspondence, and suppression of KORA responses.

II. LEGAL STANDARD

Fraud on the court under Rule 60(d)(3) applies when "the impartial functions of the court have been directly corrupted," *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), including:

- fabricated evidence

- suppression of material facts

- tampering with records

- denial of access needed to participate in proceedings

- coordinated misconduct among judicial officers or officers of the court

All are present here.

*See* Norton v. Shelby County**,** 118 U.S. 425, 442 (1886) ("An unconstitutional act confers no rights, imposes no duties… and is, in legal contemplation, as inoperative as though it had never been passed."). Under this doctrine, any order obtained through fraud or without legal authority is void ab initio**,** not merely voidable.

In accordance with *Marbury v. Madison*, 5 U.S. 137 (1803), federal courts have a constitutional duty to declare void any action that violates the Constitution, including judicial acts tainted by fraud, bias, or deprivation of due process.

III. REQUESTED RELIEF

Plaintiff respectfully moves this Court to:

1. Formally find that fraud upon the court has occurred in this case based on Dkt. 10 and the updated evidence.
2. Certify the fraud-based evidence (emails, transcripts, metadata, GAL records, communication, federal funding data, billing entries).
3. Vacate any rulings or docket activity entered after July 14, 2025.
4. Set an evidentiary hearing.

5. Preserve the record for Rule 27 proceedings and anticipated filing in the U.S. Court of Federal Claims.

IV. CONCLUSION

For the reasons above, Plaintiff requests a judicial finding of fraud upon the court and entry of the relief requested herein.

Respectfully submitted,                    Dated: November 14, 2025

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Pro Se

Plaintiff, individually and as next friend of D.L., a minor,

1914 5th Avenue, Leavenworth, KS 66048

(913) 972-1661 | AngeliinaCourtRecords@gmail.com

CERTIFICATE OF SERVICE

I certify that on November 14, 2025, I filed the foregoing via CM/ECF, which served all registered counsel of record.

/s/ Angeliina Lynn Lawson

Plaintiff, individually and as next friend of D.L., a minor,