IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANGELIINA LAWSON, individually, and as mother
and next friend of minor D. L.,

        Plaintiff,

v.                                        Case No. 25-2251-JWB

ANDREW BOLTON, et al.,

        Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on Magistrate Judge Teresa J. James' Report and Recommendation ("R&R") recommending that the court dismiss Plaintiff's claims. (Doc. 42.) Plaintiff has timely objected.  (Doc. 44.)  Additionally, Plaintiff has filed a motion to strike the R&R (Doc. 45); motion for recusal of the undersigned (Doc. 46); and motion to redact "stigmatizing docket language" and to enter a protective order (Doc. 47).  Despite Plaintiff's objections, the court ADOPTS the magistrate judge's R&R to the extent described herein and DISMISSES Plaintiff's complaint.  Plaintiff's motion to strike (Doc. 45) is STRUCK from the record as a duplicate entry.  Plaintiff's motion for recusal (Doc. 46) is DENIED.  Plaintiff's motion to seal or redact stigmatizing docket language (Doc. 47) is DENIED AS MOOT.

## I.    Facts

Angeliina Lawson ("Plaintiff"), who is not a licensed attorney, brings this action on behalf of herself and her minor child ("D.L.") against ten defendants, all of whom are in some way involved in her state court custody proceedings.  (Doc. 1 at 2–3.)[1]  Plaintiff's factual allegations

---

[1] Plaintiff has several pending or previously dismissed actions in this court—including an action against most of the defendants in this case—where she is similarly challenging her state custody proceedings and makes nearly identical

1

are brief.  They can be boiled down to a general allegation that Defendants "obstruct[ed her] parental rights" by "suppress[ing] reports of abuse," "fail[ing] to . . . address trauma disclosures," and "engag[ing] in discriminatory practices."  (*Id*. at 3–4.)  Accordingly, Plaintiff brings eleven claims, pursuant to 42 U.S.C. § 1983 (Counts I & II), 29 U.S.C. § 794 (Count III), 42 U.S.C. § 1985(3) (Count IV), 42 U.S.C. § 1986 (Count V), Titles II and III of the Americans with Disabilities Act ("ADA") (Count VI), and Kansas state law (Counts VII–XI).  Among Plaintiff's requested relief is an order "[r]estoring Plaintiff's full and lawful custody of her minor child.  (*Id*. at 5.)

On March 12, 2026, Magistrate Judge Teresa J. James entered her R&R and, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), recommended dismissal on the grounds that Plaintiff's federal claims in her complaint fail to state a claim and the court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.  (Doc. 42 at 2–3.)  On March 18, 2026, Plaintiff timely filed her objections[2] along with a plethora of other motions.  (Docs. 44, 45, 46, 47.)[3]

## II.    Standard

R&R Review.  Plaintiff has timely objected, in part, to the R&R.  (Doc. 44.)  When reviewing a magistrate judge's ruling on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R.

---

allegations.  *See*, *e.g.*, *Lawson v. Godderz*, *et al*., Case No. 25-2199-JWB; *Lawson v. Godderz*, *et al*., Case No. 25-1179-JWB; *Lawson v. Kansas*, *et al*., Case No. 25-2171-JWB.

[2] The court notes that Plaintiff's objection largely fails to specifically address any portion of the R&R.  Rather, the document that she filed appears to be Plaintiff's attempt to add facts.  Even so, in the spirit of liberally construing pro se filings, the court will consider Plaintiff's objection as timely, proper, and under a de novo review standard pursuant to Fed. R. Civ. P. 72(b)(3).  *See United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009).

[3] The record details a pattern by Plaintiff of filing motions that are frivolous and wholly without merit to the point that the court put Plaintiff on notice that "if she files another motion deemed to be frivolous and without merit, the court will summarily deny the motion."  (Doc. 29.)  As will be discussed in more detail below, Plaintiff's objections and motions being addressed in the instant order very nearly mirror prior filings by Plaintiff that were deemed frivolous and without merit.

2

Civ. P. 72(b)(3).  A failure to properly object, however, leaves a party with no entitlement to appellate review, and allows the district court to review the R&R under any standard it deems appropriate.  *See Williams v. United States*, No. 19-2476-JAR-JPO, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) (citing *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)) ("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court . . .'").  "In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

Pro Se Standard.  Because Plaintiff is proceeding pro se, the court is to liberally construe her filings.  *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).  However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on her behalf.  *Id*.

III.    **Analysis**

**A.  Plaintiff's Pending Motions (Docs. 45, 46, 47)**

Before reviewing the magistrate judge's R&R, the court will briefly address Plaintiff's three pending motions.  (Docs. 45, 46, 47.)  As for Plaintiff's motion to strike (Doc. 45), it is identical in substance to her objections to the R&R (Doc. 44), which are addressed below. Accordingly, docket entry 45 is a duplicate entry and it is therefore struck from the record.

Plaintiff also filed a motion for recusal of the undersigned.  (Doc. 46.)  This is not Plaintiff's first attempt to disqualify the undersigned attempting to use the very same statutory authority. (Docs. 17, 23.)  And like previous rulings, the court finds Plaintiff's motion is again meritless. This time, she seeks recusal on the grounds that the court used "stigmatizing docket labels" such

as "frivolous," that the court has "pre-service paralysis," and because her case was reassigned to a new magistrate judge. (Doc. 46 at 2–3.) The court fails to see how these accusations are even related to the undersigned's alleged bias. In any event, the motion is denied as Plaintiff has wholly failed to put forth any facts that would demonstrate judicial bias.

Finally, Plaintiff filed a motion seeking to seal or redact certain language from prior orders that Plaintiff describes as "stigmatizing." (Doc. 47.) Her fear is that "defendants can cite these docket labels as 'judicially endorsed' character evidence." (*Id*. at 3.) Because the court ultimately adopts the R&R and dismisses Plaintiff's action, this concern is moot. Her motion is therefore denied as moot. The court will now turn to the R&R and Plaintiff's objections to it. (Doc. 42, 44.)

## B. The R&R (Doc. 42)

Before turning to the individual claims, the court adopts the R&R's conclusions on three threshold issues. First, Plaintiff cannot bring claims on behalf of her minor child, D.L. Because Plaintiff proceeds pro se, "under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney." *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986). Plaintiff's objection invoking Rule 17(c)(2) does not change the result; the rule does not entitle Plaintiff, a non-lawyer, to litigate the minor's claims herself. (Doc. 44 at 3–4.) Any claims asserted on behalf of D.L. are dismissed.

Second, Plaintiff has not stated an "official capacity" claim against any of the individually named Defendants—Bolton, Robinson, Miser, Taylor, Agee, Livingston, or McNeal. For example, Plaintiff brings her claims against Agee "in her official capacity" as "the supervisor of [ ] Taylor." (Doc. 1 at 3.) This is insufficient. "[A] suit against an individual in his official capacity is, in reality, a suit against the agency which the individual represents." *Whitney v. State of N.M.*,

4

113 F.3d 1170, 1173 (10th Cir. 1997). Merely because someone holds a supervisory title in private employment does not give rise to an official-capacity claim. As private actors, they do not possess an official capacity in which to be sued. *See Tenison v. Byrd*, 826 F. App'x 682 (10th Cir. 2020). The magistrate judge correctly recommended dismissal of all official-capacity claims against the individually named Defendants, and the court adopts that recommendation.

Third, the court agrees that Defendant Bolton, the court-appointed Guardian ad Litem ("GAL") in Plaintiff's state custody proceedings, is entitled to quasi-judicial immunity from Plaintiff's claims for monetary damages. (Doc. 1 at 2, 5.) A GAL is entitled to immunity when acting "within the core duties of a GAL in assisting the court—that is, in performing a function closely associated with the judicial process." *Dahl v. Charles F. Dahl, M.D., P.C. Defined Ben. Pension Trust*, 744 F.3d 623, 630 (10th Cir. 2014). Immunity attaches even where the act "was [taken] in error, was done maliciously, or was in excess of . . . authority." *Shophar v. City of Olathe*, No. 15-cv-4961-DDC-KGS, 2017 WL 2618494, at *11 (D. Kan. June 16, 2017), *aff'd*, 723 F. App'x 579 (10th Cir. 2018). Plaintiff's allegations against Bolton that he "draft[ed] legal pleadings," "cit[ed] legal authority," and otherwise acted as a "personal attorney" during the state-court custody proceeding describe core GAL functions, and Plaintiff's conclusory allegations that Bolton was biased do not strip him of immunity. (Doc. 1 at 2.) Plaintiff's objection that immunity was applied too broadly is overly vague and identifies no specific allegation of extra-judicial conduct outside Bolton's role as a GAL. (Doc. 44 at 4–5.) The court now turns to Plaintiff's eleven counts, to the extent they remain.

Finally, the court finds[4] that *Younger* abstention counsels this court to abstain from ruling on Plaintiff's claims for equitable relief—including her request to "restor[e] Plaintiff's full and

---

[4] The court does not adopt the R&R's analysis regarding the *Younger* doctrine. Notably, if the *Younger* elements are satisfied, that does not necessarily bar a federal court's jurisdiction. Rather, *Younger* counsels that even if a federal

lawful custody of her minor child." (Doc. 1 at 5.)  All three *Younger* factors are met: Plaintiff's state custody proceedings remain ongoing and on appeal,[5] state courts provide an adequate forum for federal constitutional and statutory claims; and child custody implicates important state interests.  *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013).  Particularly relevant to the instant matter, the Tenth Circuit has repeatedly upheld district courts' application of *Younger* to abstain from interfering with state custody proceedings.  *See*, *e.g.*, *Thompson v. Romeo*, 728 F. App'x 796, 798 (10th Cir. 2018) (unpublished); *Alfaro v. Cnty. of Arapahoe*, 766 F. App'x 657, 661 (10th Cir. 2019) (unpublished).  Here, the court similarly will not interfere with Plaintiff's state court proceedings because Plaintiff's custody dispute is ongoing in state court, domestic-relations matters are an important state interest, and Plaintiff has an adequate opportunity to raise her claims in the state proceeding.  Therefore, the court abstains from ruling on Plaintiff's claims for equitable relief where she seeks restoration of her child custody rights.

Plaintiff's first and second counts allege violations of 42 U.S.C. § 1983. (Doc. 1 at 4.)  To state a § 1983 claim, among other requirements, "the challenged conduct must constitute state action."  *Weaver v. Boyles*, 172 F. Supp. 2d 1333, 1342 (D. Kan. 2001), *aff'd*, 26 F. App'x 908 (10th Cir. 2002).  Nine of the ten Defendants are private actors; therefore, Plaintiff must show that their conduct is "fairly attributable to the state."  *Id*.  She has failed to make such a showing and she fails to make a specific objection.  Accordingly, the court adopts the R&R's thorough analysis

---

court has jurisdiction to hear a claim, it should abstain from doing so if it would interfere with, among other things "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial function." *Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1317 (10th Cir. 2024). Such as "proceeding[s] seeking to restore [ ] parental rights." *Wiland v. Stitt*, No. 24-5116, 2025 WL 369223, at *1 (10th Cir. Feb. 3, 2025) (unpublished).  In other words, if *Younger* is satisfied, that does not automatically strip a federal court of jurisdiction; rather, it counsels that the court ought to abstain from ruling on it.

[5] While Plaintiff does not affirmatively state that her state cases are ongoing, the court's independent review of the publicly available docket in the state court case reveals docket entries most recently occurring on March 18, 2026—the same day Plaintiff filed her objections to the R&R (Doc. 44). *See In the Matter of the Marriage of Angeliina Lynn Lawson v. Jonathan David Brent Lawson*, LV-2025-DM-000861, Leavenworth County, Kansas.

that none of the Defendants is a state actor but will briefly address the matter. The individually named Defendants—a GAL (Bolton), therapists (Robinson, Taylor, and Livingston), supervisors of therapists (Miser and Agee), and a physician (McNeal)—are private actors whose conduct is not fairly attributable to the state. To wit, a GAL acts as a fiduciary representative on the minor's behalf and "owes his or her undivided loyalty to the minor, not the state." *Meeker v. Kercher*, 782 F.2d 153, 155 (10th Cir. 1986). Private therapists and physicians, even court-appointed ones, are also not state actors. *See Pino v. Higgs*, 75 F.3d 1461, 1466 (10th Cir. 1996); *James v. Grand Lake Mental Health Ctr., Inc.*, 161 F.3d 17 (10th Cir. 1998). And to the extent these Defendants provided reports to the state court, that conduct does not amount to being fairly attributable to the state. *Pino*, 75 F.3d at 1466. The same analysis extends to the Bolton Law Firm, LLC, and Livingston Center, LLC (the "LLC Defendants"), which are private entities for which Plaintiff alleges no facts satisfying whether their conduct is fairly attributable to the state under any test recognized by the Tenth Circuit. *See Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995). Finally, as to the Board of County Commissioners of Anderson County, Kansas ("Anderson County Board"), Plaintiff's § 1983 claim fails under *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Under *Monell*, Plaintiff must plead a municipal policy or custom causally connected to her alleged injury. *Waller v. City and Cnty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019). Her conclusory allegations that the Anderson County Board "is responsible for systemic policies that denied due process" and "maintained customs or failed to train and supervise employees" are entirely vague and fail to identify a specific policy or practice. (Doc. 1 at 4.) Plaintiff's objections are unpersuasive. Counts I and II are dismissed.

Plaintiff's third count alleges a violation of § 504 of the Rehabilitation Act, 29 U.S.C. § 794. (Doc. 1 at 4.) Section 504 prohibits disability discrimination "under any program or activity

7

receiving Federal financial assistance." But Plaintiff makes no allegation that any Defendant operates a program or activity receiving federal financial assistance. Additionally, the Defendants sued in their individual capacities are not subject to liability. The court, therefore, agrees with the R&R that Count III must be dismissed.

Plaintiff's fourth count alleges a conspiracy to interfere with civil rights under 42 U.S.C. § 1985(3). (Doc. 1 at 4.) To state such a claim, Plaintiff must allege "(1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). Critically, § 1985(3) reaches only conspiracies driven by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Plaintiff alleges no specific animus, and to the extent she does so based on disability-based animus, the Tenth Circuit has held that physical disability does not constitute a protected class for purposes of § 1985. *See Wilhelm v. Continental Title Co.*, 720 F.2d 1173, 1176–77 (10th Cir. 1983). Count IV is dismissed. Plaintiff's fifth count alleges a failure to prevent civil rights violations under 42 U.S.C. § 1986. (Doc. 1 at 4.) Notably, "there cannot be a valid claim under Section 1986 unless there is also a claim under Section 1985." *Taylor v. Nichols*, 558 F.2d 561, 568 (10th Cir. 1977). Accordingly, Count V is dismissed.

Plaintiff's sixth count alleges violations of Titles II and III of the ADA.[6] (Doc. 1 at 4.) As an initial matter, the individually named Defendants cannot be held liable in their individual capacities under the ADA. *See Butler v. City of Prairie Village, Kan.*, 172 F.3d 736, 744 (10th Cir. 1999) ("[T]he ADA precludes personal capacity suits against individuals who do not

---

[6] For sake of clarity, Title II protects disabled individuals from discrimination by public entities. 42 U.S.C. § 12132. On the other hand, Title III protects disabled individuals from discrimination by private entities that own, lease, or operate places of public accommodation. *Id*. § 12182.

otherwise qualify as employers under the statutory definition."). As for the Anderson County Board, Plaintiff's Title III claim fails because Title III "applies to discrimination in public accommodations by *private* entities," and the Anderson County Board is a public entity. *See Farris v. Garden City, Kan.*, No. CIV.A. 15-1078-MLB, 2015 WL 3949244, at *2 (D. Kan. June 29, 2015), *aff'd*, 634 F. App'x 674 (10th Cir. 2016) (emphasis in original). Further, her Title II claim against the Anderson County Board also fails because she pleads only the conclusory allegation that the Board "discriminated against disabled individuals." (Doc. 1 at 4.) The court agrees with the magistrate judge that such allegations are "woefully inadequate to state a claim under any provision of the ADA." (Doc. 42 at 16.) *See Crane v. Utah Dep't of Corr.*, 15 F.4th 1296, 1313 (10th Cir. 2021) (explaining the ADA requires plaintiffs to "prove their disability was a but-for cause of the alleged discrimination"). Next, as for her claims against the LLC Defendants, they fail under Title II because Title II only prohibits "public entities" from discriminating against disabled individuals and Plaintiff fails to allege facts showing that those LLC's are "public entities" within the meaning of 42 U.S.C. § 12131(1).[7] Plaintiff's claims against the LLC Defendants also fail under Title III because Plaintiff alleges no facts regarding her disability; what, if any, accommodations she requested; or how she was discriminated against on the basis of her disability. In fact, Plaintiff fails to allege that Defendants took any action against her on the basis of her disability. Moreover, Plaintiff's objection that the magistrate judge failed to apply the Title II "methods of administration" framework is vague and conclusory. (Doc. 44 at 5–6.) In any event, that objection does not cure the absence of factual allegations in her complaint. Count VI is dismissed.

---

[7] Section 12131(1) defines a "public entity" as "any State or local government" and "any department, agency, special purpose district, or other instrumentality of a State or States or local government."

Finally, Plaintiff's seventh through eleventh counts arise under Kansas state law.  (Doc. 1 at 5.)  "When all federal claims are dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."  *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998); *see also* 28 U.S.C. § 1367.  Having dismissed Plaintiff's federal claims, the court declines to exercise jurisdiction over Plaintiff's remaining state claims, and those counts are dismissed without prejudice.  In sum, the court has reviewed each of Plaintiff's eleven counts de novo and concludes that the magistrate judge's analysis is correct.  Despite Plaintiff's objections, the R&R is adopted in full.

## IV.    Conclusion

THEREFORE, the court ADOPTS the magistrate judge's R&R (Doc. 42) to the extent described herein and DISMISSES Plaintiff's complaint.  Plaintiff's motion to strike (Doc. 45) is STRUCK from the record as a duplicate entry.  Plaintiff's motion for recusal (Doc. 46) is DENIED.  Plaintiff's motion to seal or redact (Doc. 47) is DENIED AS MOOT.  This case is closed.

IT IS SO ORDERED.  Dated this 20th day of May, 2026.

_s/ John W. Broomes_____
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE